UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHUBB INA HOLDINGS INC.,
                        Plaintiff,

-v-

HOLE IN WON LLC,
                        Defendant.

19-CV-2514 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff Chubb INA Holdings Inc. ("Chubb") brings this action against Hole In Won LLC ("Hole In Won") under the Lantham Act, 15 U.S.C. §§ 1114, 1125(a), and New York state law. (Dkt. No. 1 ("Compl.").) Plaintiff has served Defendant (Dkt. No. 11), but Defendant has not answered the complaint or otherwise appeared in this action. A certificate of default has been issued as to Defendant. (Dkt. No. 16.) Plaintiff now moves for default judgment under Federal Rule of Civil Procedure 55(b). (Dkt. No. 19.) For the reasons that follow, the motion is granted.

**I.    Background**

    The following facts are taken from the complaint and, for purposes of this motion for default judgment, are assumed to be true.

    Chubb is the U.S. subsidiary of Chubb Limited, "the world's largest publicly traded property and casualty insurance company and the largest commercial insurer in the United States." (Compl. ¶ 9.) Hole In Won is the owner and operator of the website at issue in this action: http://www.hole-in-won.com. (Compl. ¶ 13.) Chubb is the "exclusive owner of all rights, title, and interest in and to distinctive CHUBB-formative marks ("CHUBB Marks")."

1

(Compl. ¶ 10.) Since 1969, Chubb has made "continuous and exclusive use" of its CHUBB Marks to identify its products in the insurance and reinsurance markets. (Compl. ¶ 12.)

Despite Chubb's ownership of the rights to the CHUBB Marks, Hole In Won used those marks in connection with its sale of insurance and insurance-related services on its website. (Compl. ¶ 14.) The CHUBB Marks appear on at least 438 website pages throughout Hole In Won's website. (Compl. ¶ 15.) Throughout the website, CHUBB Marks are used in combination with Hole In Won's name – examples include: "CHUBB Hole in One Inc.," "CHUBB Hole in One Contest Insurance," "CHUBB Hole in One Insurance," and "CHUBB Agents Hole-in-Won.com." (Compl. ¶ 17.) Chubb is also is listed under "REFERENCES" numerous times on the website in connection with Hole In Won's insurance-related products. (Dkt. No. 1-5 at 2, 5, 8, 11; *accord* Dkt. No. 1-6 at 2, 6, 10; *see also* Compl. ¶¶ 18–19.) Finally, one of Hole In Won's webpages is labeled "CHUBB Hole in One Insurance – Hole-in-WON.com" and is located at: http://www.hole-in-won.com/insuranceagents/chubb.htm. (Compl. ¶ 20.)

On June 14, 2018, upon discovering Hole In Won's website, Chubb's counsel sent a cease and desist letter to Kevin Kolenda and Christian Valenzuela, co-owners of Hole In Won, demanding that they stop using the CHUBB Marks on the Hole In Won website, and remove all CHUBB Marks already on the website. (Compl. ¶ 21.) While Hole In Won initially denied the existence of the CHUBB Marks on its website (Compl. ¶ 22), when Chubb furnished a Google search link that indexed each of the times that the CHUBB Marks appeared on Hole In Won's website, Hole In Won agreed to take them down (Compl. ¶¶ 23–24).

On July 2, 2018, after two weeks of no action and no further response from Hole In Won, Chubb's counsel sent another email to Hole In Won stating that the CHUBB Marks were still on

the website and again requested that they be taken down. (Compl. ¶ 25.) Hole In Won claimed that its web designers were on vacation, and the CHUBB Marks would be addressed upon their return. (Compl. ¶ 26.) However, the marks were nonetheless not taken down. (Compl. ¶ 27.)

On October 10, 2018, Chubb's counsel sent another email to Hole In Won noting that the CHUBB Marks had still not been taken down from the website. (Compl. ¶ 28.) On October 12, 2018, Hole In Won responded that it was "continually working" on removing the CHUBB Marks, and noted that while the CHUBB "words" were still on the site, all logos had been removed. (Compl. ¶ 29.) The delay was purportedly because their Information Technology department worked only one day biweekly. (*Id.*)

On that same day, Chubb's counsel requested links to the webpages where the word "CHUBB" had been removed, as their review showed that it had not been removed from any of Hole In Won's webpages, and that the webpage located at http://www.hole-in-won.com/insuranceagents/chubb.htm remained live. (Compl. ¶ 30.) Chubb's counsel further noted that they spoke with a website designer who indicated that removal of all CHUBB Marks would take less than 30 minutes. (*Id.*) Hole In Won had not responded to Chubb or its counsel as of the filing of the complaint, and the CHUBB Marks remained on the website.[1] (Compl. ¶ 31.)

## II. Legal Standard

A litigant has defaulted when she "has failed to plead or otherwise defend" against a claim "for affirmative relief." Fed. R. Civ. P. 55(a). "[A] default is an admission of all

---

[1] This Court has briefly reviewed the Hole In Won website. The Court can do so because the website has been incorporated by reference in the complaint. *See Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir. 2007). It should be noted that at a minimum the webpage located at http://www.hole-in-won.com/insuranceagents/chubb.htm remains live to date, and contains at least one reference to "CHUBB" in the body of the webpage.

3

well-pleaded allegations against the defaulting party." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004). As a general matter, then, "a court is required to accept all of the . . . factual allegations [of the nondefaulting party] as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Nonetheless, a district court must still determine whether the well-pleaded facts establish "liability as a matter of law." *Id.*

## III.   Discussion

Chubb brings both federal trademark claims under the Lanham Act and state-law claims. Chubb seeks statutory damages and permanent injunctive relief. Each set of claims is discussed separately.

### A.   Lanham Act Claims

Chubb first brings claims against Hole In Won under the Lanham Act for trademark infringement and false designation of origin.

Claims of trademark infringement are governed by section 32 of the Lanham Act, which prohibits any person from using, without the consent of the registrant, a reproduction of a registered mark when "such use is likely to cause confusion, or to cause mistake, or to deceive . . . ." 15 U.S.C. § 1114(1)(a). To prevail on claims of trademark infringement, the plaintiff must show (1) that it owns a valid trademark entitled to protection under the Lanham Act, (2) that the defendants used the trademark in commerce without plaintiff's consent in connection with the sale of goods or services, and (3) that there was a likelihood of consumer confusion. *See 1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 406–07 (2d Cir. 2005).

Similarly, claims of false designation of origin are governed by section 43(a) of the Lanham Act, which prohibits any person from using a "false designation of origin" on goods in commerce. 15 U.S.C. § 1125(a). To prevail on a claim of false designation of origin, the

4

plaintiff must "demonstrate (1) it holds a valid trademark entitled to protection and (2) there is a likelihood of confusion." *Prof'l Sound Servs., Inc. v. Guzzi*, 349 F. Supp. 2d 722, 730 (S.D.N.Y. 2004) (Chin, J.) (quoting *Sports Auth., Inc. v. Prime Hospitality Corp.*, 89 F.3d 955, 960 (2d Cir. 1996)).

In this case, Chubb alleges that (1) it is the owner of federally registered trademarks (Compl. ¶ 10), (2) Hole In Won used the trademarks, without Chubb's consent, for insurance services that were sold in commerce (Compl. ¶¶ 13–20), and (3) Defendants' actions likely caused consumer confusion (Compl. ¶¶ 17–20, 32). These allegations establish each of the elements of Chubb's claims for trademark infringement and false designation of origin. Default judgment is granted on both claims.

### B. State-Law Claims

In addition to its federal claims, Chubb brings statutory claims under New York state law for trademark dilution and deceptive acts and practices. Chubb also brings New York common-law claims for trademark infringement and unfair competition.

#### 1. Trademark Dilution

Under New York law, "the necessary elements for a dilution . . . claim are the possession of a distinctive trademark and likelihood of dilution." *See Scholastic, Inc. v. Stouffer*, 124 F. Supp. 2d 836, 848 (S.D.N.Y. 2000) (citing N.Y. Gen. Bus. Law § 360-*l*). "[T]he federal standard [for trademark dilution] . . . is more stringent than the New York standard." *Savin Corp. v. Savin Grp.*, 391 F.3d 439, 456 (2d Cir. 2004). Accordingly, because Chubb has already stated a claim for federal trademark dilution (*see supra* Section III.A), it has stated a claim under New York state law as well. Default judgment on this claim is granted.

### 2. Deceptive Acts and Practices

Chubb brings claims under section 349 of New York General Business Law, which bars deceptive acts and practices. *See* N.Y. Gen. Bus. Law § 349. To state a claim under section 349, Plaintiff must show (1) "that the challenged act or practice was consumer-oriented," (2) "that it was misleading in a material way," and (3) "that the plaintiff suffered injury as a result of the deceptive act." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 490 (2d Cir. 2014) (quoting *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000)).

But "[t]he majority view in this Circuit is that trademark or trade dress infringement claims are not cognizable under §[] 349 . . . of the New York General Business Law unless there is a specific and substantial injury to the public interest *over and above ordinary trademark infringement* or dilution." *Universal Church, Inc. v. Universal Life Church/ULC Monastery*, No. 14-CV-5213, 2017 WL 3669625, at *17 (S.D.N.Y. Aug 8, 2017) (citation omitted). A plaintiff "must allege conduct that has 'significant ramifications for the public at large' in order to properly state a claim." *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003) (quoting *Shred-It USA, Inc. v. Mobile Data Shred, Inc.*, 228 F. Supp. 2d 455, 465 (S.D.N.Y. 2002)).

Here, Chubb has properly alleged that the use of its CHUBB marks was consumer-oriented and was materially misleading. (*See* Compl. ¶¶ 16–20.) Further, Chubb has alleged that it has suffered injury as a result of Hole In Won's use of its CHUBB marks vis-à-vis its negative impact on Chubb's goodwill and business reputation. (*See* Compl. ¶ 33.) While there must be "a specific and substantial injury to the public interest over and above ordinary trademark infringement," Chubb persuasively argues that the unauthorized use of its trademark injures the public as a whole. (*See* Dkt. No. 22 at 15.) Because the consumer is led to believe, falsely, that she is taking out Chubb-affiliated insurance coverage, the consumer is likely not aware that she

is assuming a much higher risk that Hole In Won will fail to pay insurance claims than she may expect. (*Id.*)  This suffices to show a specific and substantial injury to the public interest for the purposes of supporting a claim for deceptive acts and practices under New York law.  Accordingly, motion for default judgment on this claim is granted.

### 3. Trademark Infringement and Unfair Competition

"[T]he elements necessary to prevail on causes of action for trademark infringement and unfair competition under New York common law 'mirror the Lanham Act claims,'" except that unfair competition "requires an additional showing of bad faith." *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005) (quoting *Malletier v. Dooney & Bourke, Inc.*, 340 F. Supp. 2d 415, 436–37 (S.D.N.Y. 2004)).  Chubb has alleged that Hole In Won was put on notice numerous times that the CHUBB Marks were trademarked and were wrongfully on the site (*see* Compl. ¶¶ 21–33).  Despite repeated notice, Hole In Won has failed to take down all instances of the CHUBB Marks even to this day. (*See supra* note 1.)  This is sufficient to show Hole In Won's bad faith.  Accordingly, all elements of common-law trademark infringement and unfair competition have been established.  Default judgment is granted on these claims.

## C. Relief

Chubb seeks both statutory damages and permanent injunctive relief.

### 1. Statutory Damages

Under the Lanham Act, Chubb may elect to receive an award of statutory damages rather than actual damages. *See* 15 U.S.C. § 1117(c).  Statutory damages are to be "not less than $1,000 or not more than $200,000 per counterfeit mark per type of goods or services . . . as the court considers just."  15 U.S.C. § 1117(c)(1).  For willful violations, however, the statute

authorizes damages of up to "$2,000,000 per counterfeit mark per type of good or services . . . as the court considers just." *Id.* § 1117(c)(2).

"By virtue of the default, [Hole In Won's] infringement is deemed willful, and therefore the Court has discretion to award anywhere between [$1,000] and $[2,000,000] per counterfeit mark per [service] sold." *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003). Accordingly, Chubb seeks $1,000,000 in statutory damages against Hole In Won. (Dkt. No. 22 at 25.)

To determine what damages award is "just," courts have looked to the following factors, drawn from copyright law: "(1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the [trademark]; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant." *Tiffany*, 282 F. Supp. 2d at 125 (internal quotation marks omitted) (quoting *Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986)). Here, Hole In Won's default prevents the Court from making specific findings on most of the factors. But "[t]he Second Circuit instructs . . . that in determining infringement damages, courts are to resolve against [defaulting] defendants any factual uncertainties." *Sara Lee Corp. v. Bags of N.Y., Inc.*, 36 F. Supp. 2d 161, 169 (S.D.N.Y. 1999). And the remaining factors cut decisively against Hole In Won: Chubb's trademarks are undeniably valuable, Hole In Won indisputably has not provided any records to Chubb (indeed, it did not participate in this litigation), and Hole In Won's conduct was willful. For these reasons, the Court agrees that $1,000,000 is an appropriate award of damages against Hole In Won.

## 2. Permanent Injunction

Under the Lanham Act, district courts have the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable." 15 U.S.C. § 1116. To secure a permanent injunction, in particular, a plaintiff must demonstrate success on the merits, as well as that "(1) he is likely to suffer irreparable injury in the absence of an injunction; (2) remedies at law, such as monetary damages, are inadequate to compensate for that injury; (3) the balance of hardships tips in his favor; and (4) the public interest would not be disserved by the issuance of a [permanent] injunction." *U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*, 800 F. Supp. 2d 515, 539 (S.D.N.Y. 2011) (internal quotation marks omitted) (quoting *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010)).

In this case, Chubb has already established success on the merits. And irreparable injury is demonstrated because "Defendant['s] refusal to defend this action creates a threat that they will continue to infringe [Chubb's] trademarks unless permanently enjoined from doing so." *Ideavillage Prods. Corp. v. Bling Boutique Store*, No. 16-CV-9039, 2018 WL 3559085, at *5 (S.D.N.Y. 2018). Further, irreparable injury arises from the threatened damage "to the reputation of [Chubb's] products, for which it would be difficult to determine monetary damages." *Id.* For that same reason, monetary damages are inadequate "[b]ecause the losses of reputation and goodwill and resulting loss of customers are not precisely quantifiable." *NYP Holdings v. N.Y. Post Publ'g Inc.*, 63 F. Supp. 3d 328, 342 (S.D.N.Y. 2014). The balance of hardships weighs in favor of an injunction, as Chubb has "spent substantial time and money marketing its . . . products and establishing the good will and reputation for quality associated with its registered trademarks." *Ideavillage*, 2018 WL 3559085, at *5. Finally, the public interest favors an injunction: "the public has an interest in not being deceived — in being assured that the mark it associates with a product is not attached to [services] of unknown origin and

quality." *N.Y.C. Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 344 (S.D.N.Y. 2010).

Because each of these elements weighs in favor of Chubb, the Court grants the request for a permanent injunction.

**IV.    Conclusion**

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED.

Plaintiff is awarded $1,000,000 in statutory damages from Defendant and a permanent injunction is hereby entered as follows:

(a) Defendant, its agents, officers, sales representatives, servants, employees, associates, attorneys, successors and assigns, and any and all persons or entities acting by, through, under or in active concert or in participation with any or all of them, are permanently enjoined from doing, abiding, causing or abetting any of the following:

   a. directly or indirectly infringing Plaintiff's CHUBB Marks;

   b. from passing off, inducing or enabling others to sell or pass off, any of Defendant's services as originating from Plaintiff, or sponsored, approved, or authorized by Plaintiff;

   c. directly or indirectly engaging in any acts or activities calculated to trade upon Plaintiff's CHUBB Marks, and/or the reputation or good will of Plaintiff, or in any manner to compete with Plaintiff unfairly;

   d. using Plaintiff's CHUBB Marks, or using any mark confusingly similar to the CHUBB Marks, alone or in combination with other words as a trademark, services mark, domain name, or trade name to identify, market, distribute, advertise, promote, offer for sale, or provide any goods or services;

   e. from otherwise infringing the CHUBB Marks; and,

      f. from otherwise competing unfairly with Plaintiff in any manner whatsoever;

(b) Defendant is required to remove the CHUBB Marks and any mark confusingly similar to the CHUBB Marks from Defendant's website(s) including but not limited to <http://www.hole-in-won.com/>, all social media hubs, social media handles, HTML code, search engine query terms, e-mail addresses, and any other electronic communications hosts, links, and devices;

(c) Defendant is required to modify its promotional materials, apparel, advertisements, signage, packaging, labeling and other communications to the public in the possession or under its control bearing thereon any material or representations to remove the infringing CHUBB Marks; and

(d) Defendant must take all necessary and appropriate steps to recall for destruction all advertising and other materials, including but not limited to signage, advertising and promotion bearing the Infringing Marks or any colorable imitation of Plaintiff's CHUBB Marks and that Defendant be required to remove such Infringing Marks from its signage, promotional materials, advertisements and other writings.

The Clerk of Court is directed to enter judgment accordingly, to close the motion at Docket Number 19, and to close this case.

    SO ORDERED.

Dated: February 18, 2020
       New York, New York

                                              J. PAUL OETKEN
                                            United States District Judge